UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL B. FJERSTAD, | Case No. C08-88-JCC-JPD |
| Plaintiff, | |
| v. | |
| SCOTT BACH, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

## INTRODUCTION

Plaintiff Michael B. Fjerstad is currently confined at the Federal Detention Center in SeaTac, Washington. Appearing *pro se*, he recently filed an application to proceed *in forma pauperis* ("IFP") together with a proposed civil rights complaint, pursuant to 42 U.S.C. § 1983, against the City of Seattle, King County, and Seattle Police Detective Scott Bach.[1] (Dkt. No. 1). Plaintiff's complaint alleges that Detective Bach "executed an invalid search warrant that led to the loss of plaintiff's home and personal property and his arrest on charges based on illegally obtained evidence." (Complaint at 1-2). After screening plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915A, the Court recommends that plaintiff's case be DISMISSED without prejudice.

---

[1] In addition to the present action, plaintiff has also recently filed two other civil rights complaints in federal court: *Fjerstad v. Bach, et al.*, Case No. C08-113-RAJ-JPD and *Fjerstad v. Bach, et al.*, Case No. C08-23-JCC-MJB.

REPORT AND RECOMMENDATION
PAGE – 1

## DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Thus, when a prisoner brings an action under § 1983, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement. *Id.* at 487-90. "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate that the conviction or confinement has already been invalidated, expunged, or otherwise impugned. *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). *Heck* applies not only to convictions, but also to pending criminal charges. *See Harvey v. Waldron*, 210 F.3d 1008, 1014-15 (9th Cir. 2000).

In the instant case, it is apparent that plaintiff has not succeeded in satisfying *Heck*'s requirement of invalidating his conviction. Although the precise nature of the criminal charges against petitioner are unclear, plaintiff's claim that he was arrested pursuant to an invalid search warrant necessarily undermines the validity of any such charges. The Ninth Circuit has held that an "action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey*, 210 F.3d at 1014. Accordingly, before plaintiff proceeds with the current civil rights complaint, he must first successfully challenge his allegedly illegal confinement.

## CONCLUSION

For the foregoing reasons, the present § 1983 complaint may not proceed, and the Court recommends that it be DISMISSED without prejudice.[2] Consequently, plaintiff's IFP

---

[2] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to

REPORT AND RECOMMENDATION
PAGE – 2

01 application may be DENIED as moot.  A proposed Order accompanies this Report and
02 Recommendation.
03      DATED this 4th day of February, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

---

26  amend prior to dismissal.  *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT AND RECOMMENDATION
PAGE – 3